

---

Jenkins, Bennett & Jenkins, by Harry L. Jenkins, Sr., Philadelphia, Pa., for plaintiff.

Malis, Malis & Malis, by David S. Malis, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is an action for a balance in excess of $60,000.00 for goods sold and delivered. Defendant was a distributor of plaintiff's tires, appointed to sell to other dealers in this area. Defendant filed a counterclaim alleging, inter alia, that plaintiff failed to credit defendant with $20,000.00 resulting from returns of merchandise, which returns were authorized by plaintiff. It is also alleged that plaintiff maliciously caused defendant's customers to cease dealing with defendant, and that this resulted in a loss to defendant in the amount of $100,000.00.

Plaintiff is seeking a more definite statement of the defendant's claim with respect to the returns of merchandise; in particular, the names and addresses of customers who allegedly returned items, the dates of the returns, the amounts thereof, and the dates on which plaintiff's agents allegedly authorized such returns and credits. In addition, plaintiff seeks a more definite statement as to how plaintiff maliciously caused defendant to lose customers, and how the resulting $100,000.00 of alleged damages was calculated.

 The law is clear that a more definite statement under Rule 12(e), Fed. R.Civ.P. 28 U.S.C. will be granted only when a pleading, to which a responsive pleading is permitted or necessary, is so vague that the responsive pleading cannot be framed. Motions under this rule are not to be used as a means of obtaining evidence or information which could be obtained by discovery.

Applying these simple principles to the present motion, we think that the defendant should furnish a more definite statement explaining the allegation that the plaintiff "maliciously" caused the defendant to lose customers. However, the other information sought by this motion is not, in our view, necessary to the adequate preparation of an answer to the counterclaim, and is more properly obtained by discovery. Therefore, in all other regards, the motion will be denied.

**SPRAY PRODUCTS, INC.**

v.

**STROUSE, INC., and A. Frank Strouse.**

**Civ. A. No. 28835.**

United States District Court
E. D. Pennsylvania.

July 13, 1962.

company now packages plaintiff's starting fluids. The witnesses appeared voluntarily on behalf of plaintiff, and on direct-examination testified as experts and gave opinion testimony against the validity of defendants' patent. On cross-examination by the defendants' attorney, these witnesses refused to answer all questions relating to the formulation of the spray starting fluid packaged for plaintiff and the method employed by Pace in loading the packages for plaintiff.

The witnesses asserted that their counsel had advised them not to answer questions relating to the business of Pace. On argument of this motion, plaintiff has taken the position that the questions propounded by defendants were not within the scope of the direct examination and, therefore, were not permissible cross-examination.

In our opinion, these questions are certainly relevant to the subject matter of this action. As to the argument that the questions did not come within the scope of the direct examination, it is enough to note that Rule 26(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that:

> "A party shall not be deemed to make a person his own witness for any purpose by taking his deposition."

Professor Moore, commenting on this Rule, says:

> "Moreover, if the party taking the deposition examines the deponent only as to one issue in the case, it would seem that another party may examine the deponent on any other issues by direct examination without the necessity of serving a prior notice of the taking of deposition. In so doing, he does not make the deponent his witness." Moore's FEDERAL PRACTICE, Vol. 4, p. 1185.

We agree with Professor Moore that the ordinary trial limitations on the scope of cross-examination are not grounds for

Mancill, Cooney, Semans & Hedges, by Edwin W. Semans, Philadelphia, Pa., for plaintiff.

Howson & Howson, by Charles H. Howson, Jr., Philadelphia, Pa., for defendants.

WOOD, District Judge.

This is a suit for patent infringement in which plaintiff has charged defendants with the infringement of plaintiff's patent relating to cans containing a starting fuel for diesel engines. Defendants, by counterclaim, have charged plaintiff with infringement of their patent. Plaintiff noticed the depositions of two witnesses who are employed by Pace, Inc. This

a witness refusing to answer a question asked during the taking of his deposition for purposes of discovery.

## ORDER

And now, to wit, this 13th day of July, 1962, It Is Hereby Ordered that the witnesses Ira A. Wolfson and Morris H. Unthank appear at a time and place designated by defendants' attorney for the purpose of answering the questions listed in defendants' amended motion.

**R.I.T.A. CHEMICAL CORP., Plaintiff,**

**v.**

**MALMSTROM CHEMICAL CORP., Ivar Wm. Malmstrom and Richard A. Malmstrom, co-partners d/b/a N. I. Malmstrom & Co., Defendants.**

**No. 60 C 1845.**

United States District Court
N. D. Illinois, E. D.

Sept. 6, 1962.

John O'C. Fitzgerald, Chicago, Ill., for plaintiff.

Joseph D. Block, Chicago, Ill., for defendants.

WILL, District Judge.

This matter is before the Court on the motion of the individual defendants Ivar and Richard Malmstrom to vacate that part of the order of January 3, 1962, which denied the motion to quash the return of service of summons as to each of them. In their motion to vacate, the individual defendants press the argument, not made in the original motion, that the service effected upon them personally in New York and New Jersey is not authorized by the Federal Rules of Civil Procedure, specifically, Rule 4, 28 U.S.C.A.

In the written opinion accompanying the order of January 3, the Court found that the complaint alleged sufficient activity within the State of Illinois by